**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Merel Evans Bishop,<br><br>        Plaintiff,<br><br>v.<br><br>Lori Swanson et al.,<br><br>        Defendants. | Case No. 12-cv-135 (KMM/DTS)<br><br>**REPORT AND RECOMMENDATION** |
| Joseph Goodwin,<br><br>        Plaintiff,<br><br>v.<br><br>Lori Swanson et al.,<br><br>        Defendants. | Case No. 12-cv-180 (KMM/DTS)<br><br>**REPORT AND RECOMMENDATION** |
| William McRae,<br><br>        Plaintiff,<br><br>v.<br><br>Lori Swanson et al.,<br><br>        Defendants. | Case No. 12-cv-221 (KMM/DTS)<br><br>**REPORT AND RECOMMENDATION** |
| William Mosby,<br><br>            Plaintiff,<br><br>v.<br><br>Lori Swanson et al.,<br><br>        Defendants. | Case No. 12-cv-320 (KMM/DTS)<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Plaintiffs Merel Evans Bishop, Joseph Goodwin, William McRae, and William Mosby are individuals committed to the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota. Over a decade ago, each filed a similar complaint challenging the legality of a range of MSOP practices and conditions. The Court stayed these actions during the pendency of *Karsjens v. Piper*, No. 11-cv-3659 (*Karsjens*), a related class action lawsuit brought on behalf of all clients then committed at MSOP. After final judgment was entered in *Karsjens*, the Court lifted the stay, reviewed these actions, and dismissed those claims that had been resolved in the class action litigation or failed to state a claim.[1]

Defendants then filed an identical Motion to Dismiss in each of these four cases.[2] Plaintiff Joseph Goodwin filed a Memorandum in Opposition to Defendants' Motion to Dismiss. *Goodwin* Dkt. No. 43. The Motions to Dismiss are now before the Court. Because of the similarities between the Complaints and the identical Motions to Dismiss filed in each case, the Court addresses all four lawsuits in a single Report and Recommendation. For the reasons stated below, the Court recommends that Defendants' Motions to Dismiss be granted.

**FINDINGS OF FACT**

The Complaints' allegations were addressed in detail in this Court's January 2023 Report and Recommendation [*Bishop* Dkt. No. 20]. In summary, Plaintiffs Bishop, Goodwin, McRae, and Mosby filed their Complaints between January and February 2012. Each is approximately 120 pages long, features one plaintiff, and names a similar list of over three dozen defendants. Each asserts essentially the same 22 causes of action (COAs) and includes

---

[1] *See Bishop v. Swanson,* No. 12-cv-135, 2023 WL 1786468 (D. Minn. Jan. 24, 2023), *adopted by* 2023 WL 2523902 (D. Minn. Mar. 15, 2023).
[2] *See Bishop v. Swanson et al.*, No. 12-cv-135 (Dkt. Nos. 29, 31); *Goodwin v. Swanson et al.*, No. 12-cv-180 (Dkt. Nos. 34, 36); *McRae v. Swanson et al.*, No. 12-cv-221 (Dkt. Nos. 29, 31); *Mosby v. Swanson et al.*, No. 12-cv-320 (Dkt. Nos. 32, 34).

a 19-point prayer for relief. In their Complaints, Plaintiffs allege that the conditions of their civil confinement, and numerous MSOP policies and procedures, violate the Constitution. Following Judge Menendez's March 2023 Order, five COAs remain:

- COA 2—Unreasonable Searches and Seizures (limited to claims that MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys and actual property losses).

- COA 3—Invasion of Privacy (limited to claims that MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys).

- COA 7—Cruel and Unusual Punishment (limited to policies and conditions not already addressed in the Karsjens litigation).

- COA 9—Denial of Due Process (limited to procedural-due-process claims not already addressed in the Karsjens litigation).

- COA 15—Totality of the Conditions Violates the Fourteenth Amendment.

*Bishop*, 2023 WL 2523902, at *2-3. All official-capacity and individual-capacity § 1983 claims seeking damages were also dismissed. *Id.*

Defendants move to dismiss these remaining claims, arguing they are barred by claim preclusion, issue preclusion, or fail to state a claim. After independently reviewing the operative complaints in *Karsjens* and this matter, the Court agrees that Plaintiffs' remaining COAs are claim-precluded by the *Karsjens* litigation.[3] The majority of Plaintiffs' claims were litigated and determined in that case; those that arguably differ are nonetheless barred because Plaintiffs could have raised them there.

## CONCLUSIONS OF LAW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a plausible claim to relief. *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The factual

---

[3] Because the Court finds that Plaintiffs' remaining COAs are barred by claim preclusion, it does not reach either party's arguments regarding issue preclusion.

3

allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 795 (8th Cir. 2021) (quotation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Pro se complaints must be construed liberally, *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020), but a court is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (quotations and citations omitted).

## I.     Claim Preclusion

Defendants argue that Plaintiffs' claims are precluded because they were litigated or could have been litigated in *Karsjens*. Under the doctrine of claim preclusion, or res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980); *see Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 514 (8th Cir. 1995). To establish that a claim is barred, a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quotations and citation omitted). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual

predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989); *see Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.*, 533 F.3d 634, 641 (8th Cir. 2008).

In determining whether claims stem from the same factual predicate, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *United States v. Gurley*, 43 F.3d 1188, 1196 (8th Cir. 1994). "The essential test is whether *the wrong for which redress is sought* is the same in both actions." *Williams v. Campbell*, 163 F.3d 604 (8th Cir. 1998) (quotations and citation omitted). "New evidence of injury differs from a new wrong." *Gurley*, 43 F.3d at 1196 (quoting *Supporters to Oppose Pollution, Inc. v. Heritage Group,* 973 F.2d 1320, 1326 (7th Cir.1992)). Thus, "plaintiffs' claims need not be absolutely identical to the claims raised in *Karsjens* for their claims to be barred by res judicata." *Pittman v. Swanson*, No. 11-cv-3658, 2023 WL 7017769, at *4 (D. Minn. Oct. 25, 2023).

As this Court has already held in circumstances similar to those presented here,[4] the first two elements of claim preclusion are satisfied by the final judgment dismissing the class members' claims in *Karsjens v. Harpstead*, No. 11-cv-3659, 2022 WL 542467 (D. Minn. 2022), *aff'd*, *Karsjens v. Harpstead*, 74 F.4th 561 (8th Cir. 2023). Plaintiffs do not contest that they were members of the *Karsjens* class, which included "[a]ll patients currently civilly committed in [MSOP] pursuant to Minn. Stat. § 253B"; the third element is also satisfied. *Karsjens* Dkt.

---

[4] *See Beaulieu v. Benson*, No. 11-cv-2755, 2023 WL 5515891, at *2 (D. Minn. Aug. 25, 2023); *Davidson v. Dayton*, No. 11-cv-3733, 2023 WL 4907779, at *4 (D. Minn. June 12, 2023), *adopted by* 2023 WL 4899822 (D. Minn. Aug. 1, 2023); *Jamison v. Ludeman*, No. 11-cv-2136, 2023 WL 2088302, at *2 (D. Minn. Feb. 17, 2023); *Allen v. Jesson*, No. 11-cv-1611, (ECF No. 58) (D. Minn. Mar. 27, 2023); *Larsen v. Benson*, No. 11-cv-3025, 2023 WL 5753632 (D. Minn. July 21, 2023), *adopted by* 2023 WL 5561219 (D. Minn. Aug. 29, 2023); *Benson v. Harpstead*, No. 22-cv-1601, 2023 WL 4936733 (D. Minn. June 29, 2023), *adopted by* 2023 WL 4936094 (D. Minn. Aug. 2, 2023).

No. 203 at 11. Judge Menendez's March 2023 Order dismissed those claims that were already addressed in the *Karsjens* litigation. *See Bishop*, 2023 WL 2523902. The question, then, is whether Plaintiffs' remaining claims arise out of a common nucleus of facts as those raised in *Karsjens*, or, if not, whether the independent claims *could* have been raised in *Karsjens*.

### A. COA 2—Unreasonable Searches and Seizures

After Judge Menendez's Order, COA 2 survives only to the extent it claims MSOP policies are causing impermissible monitoring of Plaintiffs' calls with their attorneys and actual property losses. Plaintiffs cite three reasons for their suspicion that Defendants are monitoring their legal calls: (1) the telephone available for clients is below an overhead speaker through which Plaintiffs believe staff can hear their conversations; (2) the phone is located in a central corridor, and clients and staff often stand within earshot while Plaintiffs are using it; and (3) Plaintiffs can hear staff talking in the office while they are on the phone with their attorneys. *Bishop* Dkt. No. 1 (*Bishop* Compl.) ¶¶ 153-159. Plaintiffs also claim that MSOP policies have "allowed [staff] to confiscate and destroy personal sheets, towels and blankets" and restrict Plaintiffs' access to their personal hot pots, razors, computers, DVD players, TVs, and video games. *Id.* ¶ 149.

The *Karsjens* class made similar allegations in its Third Amended Complaint. Case No. 11-cv-3659, Dkt. No. 635 (*Karsjens* TAC). There, the plaintiffs claimed the defendants monitored their telephone calls and opened and reviewed mail that was clearly marked as legal correspondence. *Karsjens* TAC ¶ 161. The plaintiffs also alleged that their property, including books, movies, and personal computers, had been confiscated or destroyed. *Id.* ¶ 173-176. Plaintiffs here allege essentially the same property losses as the plaintiffs in *Karsjens*. To the extent Plaintiffs' allegations may differ slightly from those raised in *Karsjens*, they are nonetheless "based upon the same factual predicate" such that claim preclusion is appropriate.

6

*Murphy*, 877 F.2d at 685. The legal call monitoring claim, though arguably different from the phone monitoring claim brought in *Karsjens*, involves the same nucleus of operative facts—namely, the telephone policy and practices at MSOP. In any event, Plaintiffs are precluded from litigating this claim now because they could have brought it before. *See Plough*, 70 F.3d at 514. They do not identify, and the Court cannot discern, any reason this claim could not have been brought in the prior litigation. Plaintiffs are thus precluded from relitigating the remaining allegations in COA 2, and the Court recommends this claim be dismissed.

### B.   COA 3 – Invasion of Privacy

Plaintiffs argue that Defendants' alleged impermissible monitoring of phone calls with attorneys also constitutes an invasion of privacy in violation of the Fourth Amendment. This claim is precluded by the *Karsjens* litigation. Though it presents a different legal argument—invasion of privacy instead of unreasonable search and seizure—it still "arises out of the same nucleus of operative facts as the prior claim." *Yankton Sioux Tribe*, 533 F.3d at 641. Claim preclusion applies to multiple legal theories based on the same factual predicate, and "a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 674 (8th Cir. 1998); *see Lane v. Peterson*, 899 F.2d 737, 744 (8th Cir. 1990) ("[W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim."). As addressed above, Plaintiffs' impermissible monitoring claim arises from the same nucleus of operative facts as the claims brought in *Karsjens*; under either legal theory, it is barred by res judicata and should be dismissed.

### C.     COA 7—Cruel and Unusual Punishment

COA 7 alleges cruel and unusual punishment and is limited to policies and conditions not already addressed in the *Karsjens* litigation. Defendants argue that Plaintiffs' list of allegedly punitive policies is substantively the same as the list offered in *Karsjens*. As with their other claims, Plaintiffs incorporate all prior paragraphs of the Complaint as the factual basis for COA 7. The list of allegations that may constitute punishment is therefore lengthy. Nonetheless, even broadly construed, each factual allegation arises from the same nucleus of operative facts as one raised in *Karsjens*. After independently reviewing the Complaints in each case, the Court concludes that the following allegations of punitive practices were addressed in *Karsjens*:

- Punishment Generally: *Bishop* Compl. ¶¶ 66-77; *Karsjens* TAC ¶¶ 123-140.
- Lockdowns: *Bishop* Compl. ¶¶ 83-91; *Karsjens* TAC ¶¶ 92, 138 m., 150, 163.
- Denial of Yard Time: *Bishop* Compl. ¶¶ 92-95; *Karsjens* TAC ¶ 138 e. & k.
- Removal of Furniture: *Bishop* Compl. ¶¶ 96-100; *Karsjens* TAC ¶¶ 277, 138 n.
- Excessively Restrictive Conditions: *Bishop* Compl. ¶¶ 101-111; *Karsjens* TAC ¶¶ 138, 141-205.
- "Torture Policy" and Strip Searches: *Bishop* Compl., ¶¶ 116, 117, 139-143; *Karsjens* TAC ¶¶ 157-158.
- Unnecessary Restraints and Isolation: *Bishop* Compl. ¶¶ 125-129; *Karsjens* TAC ¶¶ 135, 161 d., 163-167, 274.
- Denial of Exercise and Recreation: *Bishop* Compl. ¶¶ 164-166; *Karsjens* TAC ¶ 138 e.
- Denial of Use of Yards, *Bishop* Compl. ¶¶ 167-169; *Karsjens* TAC ¶ 138 k. & l.
- Denial of Access to Store: *Bishop* Compl. ¶¶ 171-173; *Karsjens* TAC ¶¶ 138 f., 146, 161 j.

- Denial of Vocational Opportunities: *Bishop* Compl. ¶¶ 174-176; *Karsjens* TAC ¶¶ 184-189, 278.

- Inadequate Medical Care: *Bishop* Compl. ¶ 177; *Karsjens* TAC ¶¶ 169-172.

To the extent any of the above allegations differ factually from those raised in *Karsjens*, they ultimately seek the same relief: a finding that MSOP policies and practices are unlawful. Thus, factual differences—even those presenting new evidence of injuries—do not establish a separate wrong sufficient to avoid claim preclusion. *See Gurley*, 43 F.3d at 1196. And again, even if some of the policies and practices Plaintiffs challenge were not brought in *Karsjens*, Plaintiffs nonetheless *could* have brought such claims. As this Court has noted, "*Karsjens* was a wide-ranging attack on the legality of nearly every operational feature of MSOP," and to the extent Plaintiffs bring claims that "are not precisely identical to the claims in *Karsjens*, nothing prevented [them] from including within the *Karsjens* litigation those facets of the claims they now seek to litigate." *Pittman*, 2023 WL 7017769, at *4. Plaintiffs do not argue that they were in any way prevented from raising their claims in *Karsjens*. Because Plaintiffs' remaining COA 7 allegations are claim-precluded, the Court recommends they be dismissed.

### D.  COA 9—Denial of Due Process

Plaintiffs claim that various procedures and policies at MSOP fail to provide required procedural protections to MSOP clients. *Bishop* Compl. ¶¶ 246-247. COA 9 is limited to procedural-due-process claims not already addressed in the *Karsjens* litigation.

To state a procedural-due-process claim, a plaintiff must allege that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the [protected] interest." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 966 (8th Cir. 2015) (quoting *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir.

9

2012)). The ban on punishing civilly committed individuals is based on the idea that doing so involves interest-deprivations done without procedural protections adequate for the deprivation. *See, e.g.*, *Hall v. Ramsey Cnty.*, 801 F.3d 912, 919 (8th Cir. 2015) (applying *Bell v. Wolfish*, 441 U.S. 520 (1979), standard to "involuntarily committed individuals").

Plaintiffs' procedural-due-process claims must fall alongside the punishment claims in COA 7, because a determination that certain policies and practices are not punishment necessarily involves a determination that those policies and practices do not violate procedural due process. *See Bell*, 441 U.S. at 535 (holding that the proper inquiry when evaluating whether conditions or restrictions violate due process "is whether those conditions amount to punishment of the detainee"). Because all of Plaintiffs' COA 7 punishment claims arise from the same nucleus of operative facts as *Karsjens*, or could have been brought in that litigation, the Court concludes that Plaintiffs' COA 9 procedural-due-process claims are also barred by res judicata. Furthermore, the class in *Karsjens* raised similar procedural-due-process claims as Plaintiffs do here. They asserted that they were "not allowed to present evidence, cross examine witnesses, or face their accusers" during hearings and were "not given copies of the incident reports or other evidence that [wa]s being used against them to impose disciplinary restrictions." *Karsjens* TAC ¶ 131. Similarly, Plaintiffs here broadly challenge the policies regarding hearings and access to incident reports. *Bishop* Compl. ¶¶ 80-82, 188. Plaintiffs' remaining COA 9 claims are thus claim-precluded by *Karsjens* and should be dismissed.

### E.     COA 15—Totality of the Conditions Violates the Fourteenth Amendment

Plaintiffs argue that the totality of Defendants' conduct described in the Complaint violates the Fourteenth Amendment. As with their other claims, Plaintiffs incorporate by reference all the conduct in the Complaint in support of COA 15. The bulk of that conduct was addressed in *Karsjens*. Again, "*Karsjens* was a wide-ranging attack on the legality of nearly

every operational feature of MSOP." *Pittman*, 2023 WL 7017769, at *4. Having already concluded that the conditions Plaintiffs challenge arise from the same nucleus of operative facts as *Karsjens*, it follows that the totality of those conditions also involves the same factual predicate. To the extent any of the conditions Plaintiffs challenge differ from those addressed in *Karsjens*, they are likewise barred because they could have been raised in that litigation. *See Plough*, 70 F.3d at 514; *see also Davidson*, 2023 WL 4907779, at *5 (rejecting similar totality of the conditions argument as precluded by *Karsjens*); *White v. Dayton*, No. 11-cv-3702, 2023 WL 3615247, at *6 (D. Minn. May 24, 2023), *adopted by* 2023 WL 4186313 (D. Minn. June 26, 2023) (same). And, though the plaintiffs in *Karsjens* did not expressly assert "totality of the conditions" as a legal theory, claim preclusion applies to "different legal claims which spring from the same set of facts." *Greene v. Benson*, No. 11-cv-979, 2023 WL 3815422, at *6 (D. Minn. June 5, 2023), *adopted by* 2023 WL 5016653 (D. Minn. Aug. 7, 2023). This claim is therefore precluded and should be dismissed.

### F.     As-Applied vs. Facial Challenge

Plaintiffs argue that their claims are not precluded because they raise as-applied challenges, whereas *Karsjens* addressed facial challenges. *Goodwin* Dkt. No. 43 at 4. This argument fails for two reasons. First, the *Karsjens* litigation was not limited to facial challenges; to the contrary, the class explicitly alleged that "Minnesota Statute § 253D is Unconstitutional as Applied," citing a number of purported due process violations and allegedly punitive practices. *Karsjens* TAC at 60. Second, even assuming an as-applied challenge would not be barred by *Karsjens*, Plaintiffs do not sufficiently plead such a challenge here. A facial challenge asserts that a practice is unconstitutional under any set of facts, whereas an as-applied challenge argues that a practice is unconstitutional only as applied to the facts of that particular case. *See Davidson*, 2023 WL 4907779, at *7 (determining that the plaintiffs did not present

an as-applied challenge because they failed to "raise specific allegations identifying how any MSOP policies and practices were unconstitutionally applied to them individually"), *adopted by* 2023 WL 4899822 (D. Minn. Aug. 1, 2023). Plaintiffs do not assert that MSOP policies and practices uniquely affect them. Instead, they allege they are affected by the same MSOP policies and practices to which all MSOP clients are subject. In other words, Plaintiffs bring a facial challenge, arguing that certain MSOP policies and practices are unconstitutional under any set of facts. Plaintiffs therefore fail to plead an as-applied challenge, and their claims are not immune from the preclusive effect of the *Karsjens* litigation.

## CONCLUSION

After reviewing Plaintiffs' Complaints and the hundreds of factual allegations therein, the Court finds that all of Plaintiffs' remaining COAs are claim-precluded by the *Karsjens* litigation and should be dismissed.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Defendants' Motions to Dismiss in *Bishop* [Dkt. No. 29], *Goodwin* [Dkt. No. 34], *McRae* [Dkt. No. 29], and *Mosby* [Dkt. No. 32] be **GRANTED**.

2. The following matters be **DISMISSED**:

    a. *Bishop v. Swanson et al.*, No. 12-cv-135.

    b. *Goodwin v. Swanson et al.*, No. 12-cv-180.

    c. *McRae v. Swanson et al.*, No. 12-cv-221.

    d. *Mosby v. Swanson et al.*, No. 12-cv-320.

Dated: November 9, 2023              ___s/David T. Schultz_____
                                     DAVID T. SCHULTZ
                                     U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).